989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Stephen Trent JOHNSON, Jr., Defendant-Appellant.
 No. 92-5529.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 31, 1992
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-92-4)
 David Fleet Greene, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Stephen Trent Johnson, Jr., pled guilty to possession with intent to distribute 1.9 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1988). At the sentencing hearing Johnson objected to the pre-sentence report, which recommended that he be sentenced on the basis of 7.5 grams of cocaine base.
 
 
 2
 The Government produced a police officer who testified that the extra 5.6 grams of cocaine base included in the report was the amount found in a small plastic bag in the vehicle Johnson was in prior to his arrest. The officer testified that the vehicle, which belonged to a confidential informant used in the investigation, along with the informant, had been searched for contraband just prior to the scenario which led to Johnson's arrest. Further, the informant was under observation until the time of the arrest. The informant told police that Johnson had thrown the drugs onto the floorboard just prior to the arrest. Johnson's counsel cross-examined the officer and had the opportunity to present evidence or witnesses, which he declined to do.
 
 
 3
 The district court found, by a preponderance of the evidence, that the drugs belonged to Johnson and were properly included in the computation of the base offense level for sentencing. Both parties agree that the district court's computation of the sentence is correct, given its factual finding. However, Johnson contends that the district court erred in its factual finding. Because the district court did not err, we affirm.
 
 
 4
 A district court's findings of fact as to the amount of drugs attributable to a defendant is reviewed under a clearly erroneous standard. United States v. Mark, 943 F.2d 444, 450 (4th Cir. 1991). Further, these facts may be proved by only a preponderance of the evidence. United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990). Finally, it is the role of district court to observe witnesses and weigh their credibility. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987).
 
 
 5
 Johnson's contention of error is without merit. The district court's finding that the cocaine base in the plastic bag belonged to Johnson is based on its conclusion regarding the credibility of the police officer witness, and is not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). This is especially true in light of Johnson's failure to present any evidence to the contrary. Therefore, the district court did not err. Finally, the parties concede that the computation of the sentence was correct, given the factual finding by the district court. Therefore, the sentence is affirmed. We grant Johnson's motion to decide the case on the briefs, because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED